# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIUS J. CLARK, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-640 |
| | ) | Judge Fischer |
| v. | ) | Magistrate Judge Bissoon |
| | ) | |
| DAVID DIGUGLIELMO, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Julius J. Clark be dismissed and that a certificate of appealability be denied.

### II. REPORT

Petitioner, Julius J. Clark, was found guilty by a jury of two counts of Robbery in the Court of Common Pleas of Allegheny County, Pennsylvania, on July 7, 2005. Clark was sentenced to an aggregate term of 10 to 20 years imprisonment on March 7, 2005.

The evidence presented at trial established that Kathleen Scott and Josephine Vozza were each confronted, and then robbed, a short distance from one another, and within the span of about 30 minutes, on the evening of December 16, 2003. Both women had just exited cars in front of their homes, and the assailant shoved each of them and demanded that they give him their purses. Mrs. Scott and her son each positively identified Petitioner from a photo array. Josephine Vozza did not look at her assailant after she was shoved to the ground, but her son, Fernando Vozza, watched the robbery and attempted to intervene, but Petitioner motioned as if he had a handgun hidden in his jacket and Mr. Vozza stepped away. Mr. Vozza identified Petitioner from a photo array, and also observed the license plate of the black Subaru Petitioner

used. Police observed Petitioner in the car later same evening, but Petitioner fled when police approached (Doc. 11-5, pp. 2-3, 9).

Petitioner filed a counseled direct appeal raising three claims:

1. Did the trial court abuse its discretion in failing to grant Clark's request for severance of the two robbery charges?

2. Is the evidence sufficient to convict Petitioner of robbery involving serious bodily injury where no bodily injury was caused?

3. Did the prosecutor commit misconduct during closing arguments, and did the trial court err is addressing a question asked by the jury, with respect to the threat made against non-victim Mr. Vozza?

(Doc. 11-2, p. 40). The judgment of sentence was affirmed on March 13, 2006 (Doc. 11-5, pp. 1-14). Petitioner's subsequent Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on August 29, 2006 (Doc. 11-6, p. 36).

Petitioner thereafter filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, *et esq.*, on February 7, 2007. Counsel was appointed and an amended petition was filed along with a "no-merit" letter. Petitioner raised the following claims:

1. Trial counsel was ineffective for failing to present the testimony of alibi witness Eric Carpenter.

2. Trial and direct appeal counsel were ineffective for failing to raise a weight of the evidence claim in post-trial motions or on appeal.

3. The prosecutor committed misconduct in making references to the threats made to Fernando Vozza, trial counsel was ineffective for objecting to the court's charge on this point, and trial and appellate counsel were ineffective for failing to raise this claim.

(Doc. 12-1). The petition was dismissed without a hearing on November 29, 2007 (Doc. 12-3, p. 22).

Petitioner appealed the denial of PCRA relief, and raised the same claims he presented to the trial court (Doc. 12-4, p. 32). Superior Court affirmed on October 7, 2008 (Doc. 12-6, pp. 30-44). Petitioner's subsequent Petition for Allowance of Appeal was denied by the Supreme Court of Pennsylvania on February 26, 2009 (Doc. 12-8, p. 15).

The instant petition was filed on May 22, 2009, and the following claims are presented:

1. Trial counsel rendered ineffective assistance by failing to present the testimony of alibi witness Eric Carpenter.

2. Trial counsel rendered ineffective assistance in failing to challenge the verdict as being against the weight of the evidence.

3. The prosecutor committed misconduct by arguing that the threat made against non-victim Fernando Vozza was relevant, and trial counsel was ineffective for failing to object to the court's charge to the jury on this point.

(Doc. 1, ¶ 12). The Commonwealth answered (Docs. 11-12) and the petition is now ripe for disposition.

**A.    Statute of Limitations.**

Respondent properly calculated the statute of limitations, and is correct in asserting that the Petition is timely filed.

**B.    Exhaustion and procedural default.**

The Court will dispense with the normal analysis of exhaustion and procedural default because it is clear that the claims raised lack merit. See, Long v. Wilson, 393 F.3d 390, 403 (3d Cir. 2004) ("[T]he Supreme Court held that a court has the discretion, in the interests of comity and federalism, to decide whether justice would be better served by insisting that a claim be fully exhausted or by rejecting it if it is plainly lacking in merit.").

C.  **Merits standard.**

A federal court may not issue a writ of habeas corpus unless it concludes either: (1) that the state court's adjudication resulted in a decision that is "contrary to," or an "unreasonable application of," clearly established federal law as determined by the Supreme Court of the United States; or (2) the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). "Under § 2254(d)(1)'s unreasonable application clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 411 (2000). With respect to 28 U.S.C. § 2254(d)(2)'s "unreasonable determination of the facts" clause, a petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence. If a reasonable basis existed for the factual findings reached in the state court, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001). Finally, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

C.  **Analysis.**

   1. **Trial counsel rendered ineffective assistance by failing to present the testimony of alibi witness Eric Carpenter.**

Petitioner first asserts that trial counsel was ineffective because he failed to call a friend of his, Eric Carpenter, who would have testified that he and Petitioner was drinking on the night of December 16, 2003, and that Petitioner spent the entire evening with Carpenter. The Sixth Amendment right to counsel exists "in order to protect the fundamental right to a fair trial."

4

Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). The Supreme Court has formulated a two-part test for determining whether counsel rendered constitutionally ineffective assistance: 1) counsel's performance was unreasonable; and 2) counsel's unreasonable performance actually prejudiced the defense. Strickland, 466 U.S. at 687. To determine whether counsel performed below the level expected from a reasonably competent attorney, it is necessary to judge counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct. Strickland, 466 U.S. at 690.

The first prong of the Strickland test requires a defendant to establish that his or her attorney's representation fell below an objective standard of reasonableness by committing errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the totality of the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689. The question is not whether the defense was free from errors of judgment, but whether counsel exercised the customary skill and knowledge that normally prevailed at the time and place. Id.

The second prong requires a defendant to demonstrate that counsel's errors deprived him or her of a fair trial and the result was unfair or unreliable. Strickland, 466 U.S. at 689. To prove prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694 (emphasis added). A "reasonable probability" is one that is sufficient to undermine confidence in the outcome. Id.

In this case, the PCRA court found as a matter of fact that trial counsel attempted to locate Eric Carpenter at the time of trial, but was unable to do so (Doc. 12-4, p. 24). Counsel indicated during trial her view that Carpenter was avoiding service of a subpoena (Doc. 12-6, p. 37). The PCRA court's finding that counsel attempted to locate Carpenter but could not, is a factual finding that is presumed correct, and Petitioner has not presented clear and convincing evidence that the finding is incorrect. 28 U.S.C. § 2254(e)(1). Indeed, as the Superior Court noted in affirming the denial of PCRA relief, Mr. Carpenter "essentially acknowledged his unavailability in his affidavit, noting the difficulty trial counsel likely had in locating him for trial" (Doc. 12-6, p. 37-38). Accordingly, the PCRA court found, and the Superior Court agreed, that counsel did not render ineffective assistance because she made efforts to locate Mr. Carpenter, who did not want to be found. This ruling is consistent with federal law. "Counsel will not be deemed ineffective if he makes a reasonable effort to locate a witness." Yancey v. Lockett, 2008 WL 423485, *8 (E.D. Pa. Feb. 14, 2008) (Gardner, J.); Kern v. Armontrout, 662 F.Supp. 825 (W.D. Mo. 1987) (defense counsel was not ineffective for failing to locate witnesses; counsel made reasonable investigation but failed to locate witnesses due primarily to the fact that those witnesses did not want to be located or to become in any way involved as defense witness). The state court's ruling is, therefore, neither contrary to nor an unreasonable application of federal law.

### 2. Trial counsel rendered ineffective assistance in failing to challenge the verdict as being against the weight of the evidence.

A claim that the verdict in a state court criminal case is against the weight of the evidence would require that the reviewing court reassess the credibility of the evidence presented at trial. See Tibbs v. Florida, 457 U.S. 31, 37-38 (1982) (weight of the evidence raises questions of credibility). Federal habeas courts, however, lack the

authority to assess the credibility of the witnesses at trial.  Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("federal habeas courts [have] no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court"); Demosthenes v. Baal, 495 U.S. 731, 735 (1990) (federal habeas court is bound by a state court's factual findings with respect to issues of credibility).  It follows that a claim that the evidence at a criminal trial is against the weight of the evidence is beyond the scope of a federal habeas proceeding.  Alamo v. Frank, 1999 WL 79659, at *1 n. 2 (E.D. Pa. Jan 15, 1999) (Shapiro, J.) ("[i]t is beyond the province of this court to consider the weight, as opposed to the sufficiency of the evidence").  Plaintiff couches his claim in terms of ineffective assistance of trial counsel, but this cannot change the result.  In order to determine if trial counsel acted reasonably, the Court would necessarily be required to assess the credibility of the evidence to determine if there was a potentially meritorious weight of the evidence claim.  Again, assessing the credibility of the evidence at trial is beyond the authority granted by the habeas statute, and Petitioner cannot maintain his ineffective assistance claim.

In the alternative, even if the Petitioner's claim was cognizable as an ineffective assistance claim, the PCRA court found that counsel's failure to raise the claim did not prejudice Petitioner.  Petitioner was charged under 18 Pa.C.S.A. §§ 3701(a)(1)(i) and (ii) that require proof that Petitioner "either inflicted serious bodily injury or threatened or intentionally put another in fear of immediate serious bodily injury."  (Doc. 11-6, p. 4). Petitioner argues that there was no proof that he either caused or threatened serious bodily injury.  The PCRA court rejected this claim, finding it "preposterous" in light of the testimony at trial that Petitioner physically assaulted both victims and that both

victims testified that they were in fear (Doc. 12-4, pp. 24-25). The PCRA court concluded that trial counsel could not be found ineffective for failing to raise a meritless claim (Doc. 12-4, p. 25). The state court's ruling is neither contrary to nor an unreasonable application of federal law. See, United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) (counsel not ineffective for failing to pursue meritless claim); Diggs v. Owens, 833 F.2d 439, 446 (3d Cir. 1987) (same). Therefore, even if it is cognizable, this claim should be denied on its merits.

> **3. The prosecutor committed misconduct by arguing that the threat made against non-victim Fernando Vozza was relevant, and trial counsel was ineffective for failing to object to the court's charge on this point.**

The prosecutor in this case argued to the jury that the element of threatening serious bodily injury could be satisfied if Fernando Vozza, rather than victim Josephine Vozza, was so threatened by Petitioner. Trial counsel objected to the prosecutor's closing on the basis that Pennsylvania law requires that the **victim** be placed in fear of serious bodily injury to be convicted of Robbery. The trial court agreed with defense counsel, and specifically instructed the jury that the crimes charged required proof that Petitioner "intentionally put either victim [identified by the court specifically in its instructions as Kathleen Scott and Josephine Vozza] in fear" of serious bodily injury (Doc. 11-5, p. 12). Therefore, the state court found that the prosecutor's inaccurate argument during closing was cured by the instructions given: i.e., the jury was instructed that the **victims** had to have been injured or placed in fear by Petitioner's actions, not Mr. Vozza (Doc. 11-5, pp. 12-14).

The state court's finding that the jury instructions accurately described state law to the jury is presumed correct, and Petitioner has not presented clear and convincing

8

evidence that the finding is incorrect. 28 U.S.C. § 2254(e)(1). This being the case, neither the prosecutor's misstatement of the law in his closing, nor counsel's failure to object to the curative instruction, could possibly have caused Petitioner prejudice. The former was cured by the court's instructions to the jury, and the latter would have been meritless in light of those same instructions. Again, this ruling is neither contrary to nor an unreasonable application of federal law, and Petitioner is not entitled to habeas relief on this claim. Sanders, supra (counsel not ineffective for failing to pursue meritless claim); Greer v. Miller, 483 U.S. 756, 765 (1987) (prosecutorial misconduct must deny defendant a fair trial before it constitutes a due process violation).

### D. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because Petitioner has not made such a showing, a certificate of appealability should be denied.

### III. CONCLUSION

It is recommended that the Petition for Writ of Habeas Corpus filed by Julius J. Clark be dismissed, and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.D.2, objections to this report and recommendation shall be filed on or before August 30, 2010. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon
Cathy Bissoon
United States Magistrate Judge

cc:
**JULIUS J. CLARK**
GD-2458
SCi Graterford
Post Office Box 244
Graterford, PA 19426-0244